IN THE UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | |
|---|---|
| JAMES C. WILLIAMS, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | No. 13-3411 |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

## OPINION

**SUE E. MYERSCOUGH, U.S. District Judge.**

This cause is before the Court on Respondent United States of America's Motion to Dismiss (d/e 4) Petitioner James C. Williams's Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255 ("§ 2255 Petition") (d/e 1). Because the Petition is untimely, the Motion to Dismiss is GRANTED.

### I. FACTS

In September 2008, the grand jury charged Petitioner with Armed Bank Robbery (Count 1), Carrying and Using a Firearm During a Crime of Violence (Count 2), and Felon in Possession of a Firearm (Count 3). See Indictment, Case No. 08-30089, d/e 1.

Count 2 of the Indictment specifically alleged that Petitioner brandished, used, and carried a firearm during an armed bank robbery.

In October 2008, Petitioner entered pleas of guilty to all counts of the Indictment pursuant to a written Plea Agreement. The factual basis included the fact that Petitioner brandished a gun while committing the armed robbery. See Am. Plea Agreement, Case No. 08-30089, d/e 12, p. 11. The Court accepted the pleas on November 19, 2008. See Case No. 08-30089, Text Order of November 19, 2008.

In the Plea Agreement, the Government agreed to certain sentencing guideline provisions and agreed to inform the Court of the nature, extent, and value of Petitioner's cooperation. In exchange, Petitioner waived his right to collaterally attack his conviction and sentence. See Am. Plea Agreement, Case No. 08-30089, d/e 12, ¶ 11.

In March 2009, the Court accepted the Government's request for a 10% downward departure for Petitioner's attempts to cooperate and sentenced Petitioner to 245 months' imprisonment. This sentence consisted of 161 months on each of Counts 1 and 3

to run concurrently with each other and 84 months on Count 2 to run consecutively to Counts 1 and 3.  See 18 U.S.C. § 924(c)(1)(A)(ii) (providing for a minimum term of seven years' imprisonment when a defendant, in relation to a crime of violence, brandishes a firearm).  The Court also imposed a five-year term of supervised release on each count to run concurrently and ordered Petitioner to pay $5,925 in restitution and a $300 special assessment.  See Judgment, Case No. 08-30089, d/e 16.

In December 2013, Petitioner filed his § 2255 Petition asserting that his Fifth and Sixth Amendment rights were violated when he received an enhancement based on a factor—brandishing a firearm—that was not charged in the Indictment.  Petitioner also asserts that the United States Supreme Court decision in <u>Alleyne v. United States</u>, 133 S. Ct. 2151, 2163 (2013), which held that facts that increase mandatory minimum sentences must be submitted to the jury, applies to his case.

## II.  ANALYSIS

The United States argues the Petition should be dismissed because Petitioner waived his right to collaterally attack his conviction and sentence and the Petition is untimely.  The

Government also argues that, should the Court decide to review Petitioner's claim despite the waiver and defaults, the Petition is without merit. Petitioner has not filed a response, despite being given the opportunity to do so. Because the Court finds the Petition is untimely, the Court will not address the other arguments.

A one-year period of limitations applies to § 2255 petitions. 28 U.S.C. § 2255(f). The one-year period begins to run from the latest of:

> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f). Only subsections (1) and (3) apply in this case because Petitioner has not identified any impediment created by governmental action that prevented him from filing the § 2255 petition or facts that support his claim that have only recently been discovered through the exercise of due diligence. See 28 U.S.C. § 2255(f)(2), (f)(4).

Under § 2255(f)(1), the one-year period begins to run on the date the judgment becomes final. Petitioner's conviction became final on March 16, 2009, after the expiration of the ten-day period to file a direct appeal. See Fed. R. App. P. 4(b)(1)(A) (2009) (providing 10 days to file a notice of appeal) (eff. until Dec. 1, 2009); Fed.R.App.P. 26(a)(1) (excluding weekends and holidays when calculating time period less than 11 days) (eff. until Dec. 1, 1999). Petitioner was required to file his § 2255 Petition within a year of March 16, 2009. Petitioner did not file his Petition until December 10, 2013. Therefore, the Petition is untimely under 28 U.S.C. § 2255(f)(1).

Under § 2255(f)(3), the one-year period begins to run on the date "the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme

Court and made retroactively applicable to cases on collateral review." 28 U.S.C. § 2255(f)(3). Petitioner bases his claim on the Supreme Court case Alleyne v. United States, 133 S.Ct. 2151, which held that facts that increase mandatory minimum sentences must be submitted to the jury.

Although the Supreme Court in Alleyne recognized a new rule of constitutional law, the Supreme Court has not made the new rule retroactively applicable to cases on collateral review. Simpson v. United States, 721 F.3d 875, 876 (7th Cir. 2013). Moreover, Alleyne is an extension of Apprendi v. New Jersey, 530 U.S. 466 (2000), and the Supreme Court has held that other rules based on Apprendi do not apply retroactively on collateral review. Simpson, 721 F.3d at 876, citing Schriro v. Summerlin, 542 U.S. 348 (2004); see also Curtis v. United States, 294 F.3d 841, 842 (7th Cir. 2002) (holding that Apprendi is not retroactive on collateral review); United States v. Partee, 2014 WL 584874, at *5 (N.D. Ill. 2014) (also noting that new rules of criminal procedure, like the new rule announced in Alleyne, are not retroactive for purposes of habeas petitions), citing Teague v. Lane, 489 U.S. 288, 310 (1989).

Accordingly, Alleyne does not save Petitioner's untimely § 2255 Petition.

The Court notes that the one-year limitation period may be equitably tolled and may be disregarded when the petitioner is actually innocent. See Weddington v. Zatecky, 721 F.3d 456, 464 (7th Cir. 2013) (holding that the limitation period under the Antiterrorism and Effective Death Penalty Act of 1996 is subject to equitable tolling); McQuiggin v. Perkins, 133 S. Ct. 1924, 1931-32 (2013) (holding that a court may disregard the one-year limitation period where the petitioner is actually innocent). However, Petitioner has not made that claim. Therefore, the Petition is untimely.

### III. CERTIFICATE OF APPEALABILITY

Pursuant to Rule 11(a) of the Rules Governing § 2255 Proceedings For the United States District Courts, this Court declines to issue a Certificate of Appealability. Reasonable jurists would not dispute that the action is barred by the applicable period of limitations. See 28 U.S.C. § 2253(c)(2).

## IV. CONCLUSION

For the reasons stated, the United States of America's Motion to Dismiss the Petitioner's Motion Pursuant to 28 U.S.C. § 2255 (d/e 4) is GRANTED and Petitioner' Motion to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody (d/e 1) is DISMISSED.  CASE CLOSED.

ENTER: April 3, 2014

FOR THE COURT:

                                               s/Sue E Myerscough
                                          SUE E. MYERSCOUGH
                                          UNITED STATES DISTRICT JUDGE